IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN M. STEPHENS, an American citizen and resident of Oregon,<br><br>               Plaintiff,<br><br>vs.<br><br>HOLLAND AMERICA LINE, N.V., a Curacao corporation, and DOE, INC., and JOHN DOE,<br><br>               Defendants. | No.<br><br>PLAINTIFF'S COMPLAINT |

COMES NOW PLAINTIFF SUSAN STEPHENS, by her undersigned counsel of record, and for Complaint against defendants herein alleges as follows:

**The Parties**

1. Plaintiff SUSAN STEPHENS (hereinafter "plaintiff" or "Susan") is and was at all relevant times an American citizen and a resident of Oregon. In February 2023 and early March she was a passenger aboard the cruise ship NIEUW STATENDAM, and she was injured on February 25, 2023, as more fully described hereinbelow.

2. On information and belief the M/S NIEUW STATENDAM was owned and/or

PLAINTIFF'S COMPLAINT - 1

**Law Office of James F. Whitehead**
PO BOX 84567
Seattle, WA 98124
(206) 448-0100

operated by defendant Holland America Line, N.V (hereinafter "HAL").  Defendant HAL is associated with the cruise line business and on information and belief transacts business in this district and is subject to this Court's jurisdiction.

3. Defendant JOHN DOE is the individual Susan alleges was responsible for her injuries.  Pending discovery of John Doe's actual name, John Doe will refer to the person pushing a cart through the crowded Lido deck on the vessel where Susan and many others had been dancing just before her accident, when the cart ran into her and knocked her to the deck.  On information and belief, John Doe is a Filipino and was working on behalf, and at the direction, of HAL.  If he is ultimately determined to have been an independent contractor as opposed to an employee of HAL or its affiliates or subsidiaries, his actual employer, as yet unknown, may be responsible to some degree for Susan's injuries and damages.  In case he is an independent contractor and works for another company, it will be referred to in this pleading as defendant DOE INC.. Upon identification of the responsible individual and/or an entity that employed him, the pleadings may be amended, as necessary and appropriate.

**Jurisdiction and Venue**

4. This is a case of admiralty and maritime jurisdiction, within the provisions of 28 U.S.C. §1333 as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure.  Plaintiff believes and alleges this Court also has diversity jurisdiction over this cause pursuant to 28 U.S.C. §1332, as hereinafter more fully appears: plaintiff is a citizen of the United States and a resident of the State of Oregon, and all of the known defendants are believed to be residents of foreign countries or states not including Oregon.   Plaintiff's claim exceeds the monetary threshold for diversity jurisdiction.

PLAINTIFF'S COMPLAINT - 2

**Law Office of James F. Whitehead**
PO BOX 84567
Seattle, WA 98124
(206) 448-0100

Venue is appropriate in this district pursuant to 28 U.S.C. §1391 as it is a principal place of business of defendant HAL and is the venue dictated by the terms of the ticket of passage provided to plaintiff for the subject voyage.

**Factual Background**

5.  On February 25, 2023, Susan was traveling on the NIEUW STATENDAM, which she and her husband had boarded that day in Fort Lauderdale, Florida, embarking on an advertised two-week round-trip cruise in the Caribbean. At roughly 3:45 p.m. on February 25, 2023, Susan had just finished participating in a Conga dance on the Lido deck of the vessel and was walking back to the area where her husband was waiting for her. The area was very crowded, and Susan could not see John Doe and the cart he was pushing. She walked past a woman who was standing to her left and a little in front of John Doe, never seeing him, and he then pushed the cart into Susan's left side knocking her off her feet and causing her to land heavily on her right hip.

6.  Susan was helped to the vessel's medical center where an x-ray was taken of her lower extremities, and the doctor told her that there was no evidence of fracture. The ship's doctor diagnosed a hip contusion. Susan was told that she should use a wheelchair or a walker for the remainder of the cruise, which she did. Susan and her husband felt that if there was no fracture, she would want to continue on the cruise. The itinerary for the cruise included a return to Fort Lauderdale mid-trip, and Susan and her husband had an opportunity to disembark then but relied on the doctor's conclusion that there was no fracture and consequently decided not to disembark upon their first return to Fort Lauderdale.

7. Following the cruise, Susan went to see her regular doctor, who referred her to an osteopathic surgeon, Shane Hess, DO. Two weeks following Susan's accident, Dr. Hess diagnosed a femoral neck fracture in her hip and operated on her. Dr. Hess told her that she should expect aches and pains the rest of her life and said she likely would always have pain and a limp from the injuries she suffered. Susan has suffered significant pain ever since her return home, which is interfering significantly with her normal activities and enjoyment of life.

8. Within six months of her accident, Susan via prior counsel notified defendant HAL of her claim, consistent with requirements for notice stated in her ticket of passage.

### Claim for Relief – Negligence

9. Defendant John Doe owed Susan a duty of reasonable care for her safety but breached that duty when he pushed a cart into her left side, knocking her to the deck where she landed heavily on her right hip. The accident was captured on a vessel camera indicating that John Doe was not paying attention to what he was doing, as he seems to have had a clear view of Susan walking in front of him from the right, where she had been dancing, and on information and belief should have been able to stop the cart without striking Susan if he had been alert to what was in front of him. His negligence proximately caused her injuries, which were significant and appear likely to be life-lasting.

10. If John Doe was an employee of the vessel, or if he was acting at HAL's direction in moving the cart in the Lido deck at the time of Susan's accident, defendant HAL may be vicariously liable for Susan's injuries. If John Doe was an independent contractor on the vessel, he would be liable himself for his negligence.

PLAINTIFF'S COMPLAINT - 4

**Law Office of James F. Whitehead**
PO BOX 84567
Seattle, WA 98124
(206) 448-0100

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

A. For judgment against all defendants found liable for causing plantiff harm in amounts to be proven at the time of trial;

B. For prejudgment interest and statutory and reasonable attorney fees and costs in such amounts as the Court may deem proper and just; and

C. For such other and further relief as the Court may deem appropriate.

DATED at Seattle, Washington, this 10th day of August, 2023.

LAW OFFICE OF JAMES F. WHITEHEAD

*/s/ James F. Whitehead*
James F. Whitehead, WSBA #6319
Attorney for Plaintiff